# ORIGINAL

**FILED**

2005 NOV -9 PM 4: 03

CLEF: U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
TOLEDO

6

ISSUED TO ATTORNEY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

|  |  |
|---|---|
| ERICK C. CARTER<br>431 Blue Jacket Road<br>Perrysburg, OH 43551 | CASE NO. **3:05CV7427**<br><br>JUDGE:   **JUDGE DAVID A. KATZ** |
| WHITNEY A. HAYES-CARTER<br>431 Blue Jacket Road<br>Perrysburg, OH 43551 | **CLASS ACTION COMPLAINT** |
| Plaintiffs, | **(JURY DEMAND ENDORSED HEREON)** |
| v. | |
| WELLES-BOWEN REALTY, INC.<br>2460 North Reynolds Road<br>Toledo, OH 43615 | |
| Serve: John W. Rozic, Statutory Agent<br>711 Adams Street<br>Toledo, OH 43623 | |
| WELLES BOWEN TITLE AGENCY, LLC<br>328 North Erie Street<br>Toledo, OH 43624 | |
| Serve: Richard H. Carr, Statutory Agent<br>5744 Southwyck Boulevard<br>Toledo, OH 43614 | |

WELLES BOWEN INVESTORS, LLC )
1677 Lance Point Road )
Maumee, OH 43537 )
)
Serve: Richard H. Carr, Statutory Agent )
c/o Balk, Hess & Miller )
5744 Southwyck Boulevard )
Toledo, OH 43614 )
)
WELLES BOWEN MORTGAGE, INC. )
1677 Lance Point Road )
Maumee, OH 43537 )
)
Serve: Richard H. Carr, Statutory Agent )
c/o Balk, Hess & Miller )
5744 Southwyck Boulevard )
Toledo, OH 43614 )
)
FIDELITY NATIONAL FINANCIAL, INC. )
601 Riverside Avenue )
Jacksonville, FL 32204 )
)
Serve: CT Corporation System, )
Statutory Agent )
818 West 7th Street )
Los Angeles, CA 90017 )
)
CHICAGO TITLE INSURANCE )
COMPANY )
201 South Main Street )
Independence, MO 64050 )
)
Serve: CT Corporation System, )
Statutory Agent )
120 South Central Avenue )
Clayton, MO 63105 )
)
Defendants. )

1. This is a class action complaint brought pursuant to 12 U.S.S. § 2607, which prohibits kickbacks and unearned fees with respect to real estate settlement services involving a federally related mortgage loan.

2

2.     Defendant Welles Bowen Title Agency, LLC ("Welles Bowen Title"), is a sham title company, in which Defendants Welles-Bowen Realty, Inc. ("Welles-Bowen Realty"), Fidelity National Financial, Inc. ("Fidelity") and Chicago Title Insurance Company ("Chicago Title") have an ownership interest.

3.     Welles Bowen Title receives referrals for real estate settlement services from real estate agents employed by or associated with Welles-Bowen Realty.

4.     Upon receiving referrals from Welles-Bowen Realty, Welles Bowen Title refers all title work and settlement services to Chicago Title of Northwest Ohio and Southeast Michigan.

5.     Chicago Title of Northwest Ohio and Southeast Michigan is the trade name of a title agency owned and operated by Fidelity and/or Chicago Title.

6.     Welles Bowen Title does not perform any of the work necessary to the settlement process. Instead, all of the title work and settlement services are performed by Chicago Title. As of October 21, 2005, Welles Bowen Title stated on its website that "[t]he experienced staff of Chicago Title provides the title searches and closing services for Welles Bowen Title Agency."

7.     Welles Bowen Title does not maintain independent offices.   As of October 21, 2005, Welles Bowen Title stated on its website that "[c]losings can be scheduled at any of the convenient Chicago Title Offices or the Welles Bowen Realtors Offices."

8.     The sole purpose for the creation of Welles Bowen Title was to enable Fidelity and/or Chicago Title to provide Welles-Bowen Realty with kickbacks and other

improper or illegal payment in exchange for Welles-Bowen Realty referring real estate settlement work to Chicago Title.

9.      The pattern of activity described in the preceding paragraphs violates 12 U.S.C. § 2607.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction and venue over this matter pursuant to 28 U.S.C.A. § 1331 and 12 U.S.C. 2603, *et seq.*

11.     Venue is proper in this Court because the transactions in question occurred in the Northern District of Ohio.

## PARTIES

12.     Plaintiffs Erick C. Carter and Whitney A. Hayes-Carter ("the Carters") are residents of Perrysburg, Ohio. They retained Welles-Bowen Realty to represent them in the purchase of a house located at 431 Blue Jacket Road, Perrysburg, Ohio ("the Blue Jacket Road property").

13.     Defendant Welles-Bowen Realty is an Ohio corporation that provides real estate services throughout northwest Ohio.

14.     Defendant Welles Bowen Title is an Ohio limited liability company that exists solely to generate kickbacks for Welles Bowen Realty on settlement services provided by Chicago Title.

15.     Defendant Welles Bowen Investors, LLC, is an Ohio limited liability company that owns 49.9% of Welles Bowen Title. The function of Welles Bowen Investors, LLC is to funnel kickbacks from Welles Bowen Title to Welles-Bowen Realty.

4

16.     Defendant Welles Bowen Mortgage, Inc. ("Welles Bowen Mortgage") is an Ohio corporation, which refers title work to Welles Bowen Title. Welles Bowen Mortgage shares common ownership with Welles-Bowen Realty.

17.     Welles-Bowen Realty, Welles Bowen Title, Welles Bowen Investors, and Welles Bowen Mortgage are collectively referred to herein as the "Welles Bowen Defendants."

18.     Defendant Fidelity is a California corporation that has a controlling interest in Chicago Title.

19.     Defendant Chicago Title is a Missouri corporation, which owns more than 50% of Welles Bowen Title, and performs all of Welles Bowen Title's real estate settlement services.

## SUBSTANTIVE FACTS AND ALLEGATIONS

20.     On September 3, 2005, the Carters entered into a residential real estate purchase agreement ("the purchase agreement") for the purchase of the property identified as 431 Blue Jacket, Perrysburg, Ohio.

21.     The purchase agreement was prepared by an agent of Welles-Bowen Realty, who served as the Carters' real estate agent for the transaction.

22.     The Carters were referred by Welles-Bowen Realty agent to Welles Bowen Title for real estate settlement services.

23.     The Carters obtained a federally related mortgage loan for the purchase of the Blue Jacket Road property.

24.     The settlement statement provided to the Carters at closing indicates that Welles Bowen Title received the following amounts for settlement services: $946.28

5

from the Carters for title insurance, $644 from the seller for title insurance, and $25 from the seller for a title examination.

25.    Although Welles Bowen Title did not conduct the title search, provide any closing services, or provide office space for the closing, it received approximately 70% of the funds applied to title charges on the Carters HUD settlement statement.

26.    The funds that Welles Bowen Title received in connection with the Carters' purchase of their home were unearned.

27.    As part owner of Welles Bowen Title, Chicago Title is willing to permit Welles Bowen Title to collect unearned fees because most of the those unearned fees ultimately flow back to Chicago Title and its owner, Fidelity.

28.    The portion of the unearned fees collected by Welles Bowen Title that is not directed to Chicago Title is provided to Welles-Bowen Realty and/or its owners as a payment for the referral of title work to Chicago Title.

## CLASS ACTION ALLEGATIONS

29.    The Carters repeat and incorporate herein all previously-pleaded averments.

30.    This action is brought by the Carters pursuant, in part, to Rules 23(a) and 23(b)(1), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of the Carters and all other persons similarly situated, including both buyers and sellers of property who were charged for settlement services allegedly provided by Welles Bowen Title in connection with a federally related mortgage loan.  Excluded from the Class are any agents or employees of Defendants.

6

31.     There are hundreds of putative members of the proposed Class, making joinder impracticable.   The names and addresses of the Class members will be readily identifiable from the records of Welles Bowen Title.

32.     The Carters will fairly and adequately represent and protect the interests of the putative members of the proposed Class.   The Carters, in the course of proving their claims, will prove the claims of all putative members of the Class.   Furthermore, the Carters have retained competent counsel experienced in class action litigation to further insure such representation and protection of the Class.   The Carters and their counsel intend to vigorously prosecute this action.

33.     The Carters' claims are typical of the claims of the other putative members of the Class.   The damages suffered by the Carters and all other putative Class members arise from and were caused by the actions of the Defendants.   The Carters do not have interests antagonistic to or in conflict with the other putative Class members.

34.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.   The expense and burden of individual litigation are impediments to individual members of the Class seeking redress for the wrongful conduct alleged.   Further, prosecution of separate actions against Defendants would create a risk of inconsistent or varying adjudications with respect to individual members of the putative Class, which would establish incompatible standards of conduct for Defendants.   Defendants' practices are generally applicable to all putative members of the Class, thereby making injunctive and declaratory relief applicable to the Class as a whole.

35.    The Carters know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action. Furthermore, by way of a class action, the Court can determine the rights of all putative Class members with judicial economy.

36.    Common questions of law and fact exist as to all putative members of the Class, and predominate over individual questions or issues.  The predominate questions pertain to the legitimacy of the business practices of Defendants alleged herein, questions which are central to each and every putative Class member.    Among the predominating questions of law and fact common to the Class are:

> A. Whether Welles Bowen Title is a *bona fide* or sham provider of settlement services; and
>
> B. Whether Welles-Bowen Realty, or any other Welles Bowen entity received kickbacks from Chicago Title or Fidelity in return for title work being referred directly or indirectly to Chicago Title by Welles-Bowen Realty.

### COUNT ONE
### (AGAINST ALL DEFENDANTS)

### VIOLATIONS OF 12 U.S.C.A. § 2607(a)

37.    The Carters repeat and incorporate herein all previously-pleaded averments.

38.    Welles Bowen Title is not a *bona fide* provider of settlement services as set forth in *HUD Statement of Policy 1996-2, Regarding Sham Controlled Business Arrangements,* 61 Fed.Reg. 29258 (June 7, 1996).

39.    Welles Bowen Title is not staffed with its own employees.

40.    Welles Bowen Title is not independently capable of performing the essential functions involved in providing real estate settlement services, and is entirely dependent on Chicago Title and/or Fidelity to perform those functions.

41.    Chicago Title is directly or indirectly an owner of Welles Bowen Title, and all of the essential functions that Welles Bowen Title should perform are performed by Chicago Title and/or Fidelity. Welles Bowen Title does not contract any of these services from an independent third party.

42.    Welles Bowen Title does not actively compete in the market place to provide settlement services. It relies entirely on referrals from agents of Welles-Bowen Realty to generate business.

43.    Chicago Title permitted Welles Bowen Title to collect fees for title insurance in connection with the Carters' purchase of the Blue Jacket Road property that were not earned by Welles Bowen Title.

44.    A portion of the fees collected by Welles Bowen Title were then funneled to Welles-Bowen Realty and/or other Welles Bowen Defendants.

45.    The primary purpose of the existence of Welles Bowen Title is to permit Chicago Title and its owner, Fidelity, to pay kickbacks to the Welles Bowen Defendants in exchange for referrals of real estate settlement work.

## COUNT TWO
## (AGAINST ALL DEFENDANTS)

### VIOLATIONS OF 12 U.S.C.A. § 2607(b)

46.     The Carters repeat and incorporate herein all previously-pleaded averments.

47.     The Welles Bowen Defendants receive funds for real estate settlement services in connection with transactions involving federally related mortgage loans, other than for services actually performed.

48.     Chicago Title provides the Welles Bowen Defendants with a percentage or portion of fees received for rendering real estate settlement services in connection with a transaction involving a federally related mortgage loan other than for services actually performed.

**WHEREFORE,** the Carters respectfully petition this Court for judgment in their favor as follows:

A.     Pursuant to 12 U.S.C. 2607(d)(2), treble damages in an amount equal to three times the amount of any charge paid by the Carters and Class members for settlement services provided by Welles Bowen Title and/or Chicago Title;

B.     Pursuant to 12 U.S.C. 2607(d)(5), the Carters' litigation costs, including attorney fees, and other appropriate expenses; and

C.     Such further compensatory, monetary, declaratory, injunctive, statutory, civil, punitive, or equitable relief as may be just, proper, or appropriate under the circumstances.

Respectfully submitted,

John T. Murray (0008793)
jotm@murrayandmurray.com
James S. Timmerberg (006799)
jst@murrayandmurray.com
MURRAY & MURRAY CO., L.P.A.
111 East Shoreline Drive
Post Office Box 19
Sandusky, Ohio 44871-0019
Telephone:   (419) 624-3000
Facsimile:    (419) 624-0707

John L. Huffman (0039658)
mmickel783@aol.com
Mickel & Huffman
520 Madison Ave., Suite 520
The Spitzer Building
Toledo, Ohio 43604-1351
Telephone: (419) 242-8461
Facsimile:    (419) 242-6866

Attorneys for Plaintiffs

## **JURY DEMAND**

The named Plaintiffs demand a trial by jury on all issues and causes to the full extent permitted by law.

John T. Murray (0008793)
James S. Timmerberg (006799)
Attorneys for Plaintiffs

11