IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Erick C. Carter, et al., | Lead Case No. 3:05 CV 7427 |
| | Consolidated Case No. 3:09 CV 400 |
| Plaintiffs, | |
| | MEMORANDUM OPINION |
| -vs- | AND ORDER |
| | |
| Welles-Bowen Realty, Inc., et al., | JUDGE JACK ZOUHARY |
| | |
| Defendants, | |
| and | |
| Joshua J. Grzecki, | |
| Plaintiff, | |
| -vs- | |
| The Danberry Co., et al., | |
| Defendants. | |

## INTRODUCTION

These two consolidated cases are before the Court on Plaintiffs' Motions for Class Certification (Doc. Nos. 47, 117). Plaintiffs claim Defendants created and operated two sham title insurance companies, thereby violating the anti-kickback and unearned fee provisions of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2607(a) and (b). The matter has been extensively briefed (Doc. Nos. 49, 117, 126, 132, 133, 150, 153), and the Court held a hearing on February 23, 2009 (Doc. No. 154).

Plaintiffs seek certification of classes composed of members who paid the alleged sham companies for title services. Plaintiff Carter moves this Court to certify a class of (Doc. No. 47, p. 1):

> [A]ll residents of Ohio who, since November 9, 2004, paid Welles Bowen Title Agency, LLC for real estate settlement services in connection with the purchase or sale of a residential property if either of the parties to the transaction was referred to Welles Bowen Title Agency, LLC by Welles-Bowen Realty, Inc. or one of its agents.

Plaintiff Grzecki moves this Court to certify a class of (Doc. No. 117, p. 1):

> [A]ll residents of Ohio who, since February 20, 2008, paid Integrity Title Agency of Ohio & Michigan, Ltd., for real estate settlement services in connection with the purchase or sale of a residential property if either of the parties to the transaction was referred to Integrity by The Danberry Company or one of its agents.

## BACKGROUND

Plaintiffs allege Defendant Chicago Title Insurance Company ("Chicago Title") collaborated with two real estate firms to create two sham title companies. In case 05-CV-7427, Plaintiff Erick Carter alleges Chicago Title and Defendant Welles Bowen Investors, LLC ("WB Investors") created Defendant Welles Bowen Title Agency ("WB Title"). In case 09-CV-400, Plaintiff Joshua Grzecki alleges Chicago Title and Defendant The Danberry Co. ("Danberry") created Defendant Integrity Title Agency of Ohio & Michigan, Ltd ("Integrity").

Plaintiffs allege agents for the real estate firms are strongly encouraged to refer their clients to WB Title and Integrity, who provide no substantive services. Rather, WB Title and Integrity simply send files to Chicago Title, which performs the title insurance work. According to Plaintiffs, WB Title and Integrity were created so Chicago Title would capture title insurance work in the Toledo, Ohio area, and so WB Investors and Danberry would share in the title insurance profits. Plaintiffs claim these arrangements violate RESPA, which prohibits kickbacks and unearned fees with

respect to real estate settlement services involving a federally related mortgage loan. Plaintiffs invoke two RESPA provisions, 12 U.S.C. 2607 § (a) and (b):

(a) Business referrals

No person shall give and no person shall accept any fee, kickback, or thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident to or a part of a real estate settlement service involving a federally related mortgage loan shall be referred to any person.

(b) Splitting charges

No person shall give and no person shall accept any portion, split, or percentage of any charge made or received for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually performed.

## DISCUSSION

Plaintiffs must demonstrate that the proposed classes satisfy all four prerequisites of Federal Civil Rule 23(a), and that the suits fit into one of the class action categories of Rule 23(b). *Alkire v. Irving*, 330 F.3d 802, 820 (6th Cir. 2003). The Court has broad discretion in deciding whether to certify a class, *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100 (1981), but it must conduct a "rigorous analysis" of whether the requirements of Rule 23 are met. *Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 161 (1982).

In this case, Defendants do not challenge the proposed classes on the basis of Rule 23(a), and Plaintiffs concede that Rules 23(b)(1) and (b)(2) do not apply.[1] Thus, the dispute is narrowly focused

---

[1]

Defendants do not specifically concede that the requirements of Rule 23(a) are satisfied, but at oral argument defense counsel acknowledged that the primary battleground was Rule 23(b)(3).
Plaintiffs concede that RESPA does not provide for injunctive relief in private actions, so Rules 23(b)(1)(A) and 23(b)(2) would not apply. *See Minter v. Wells Fargo Bank*, 593 F. Supp. 2d 788, 796 (D.Md. 2009). At oral argument, Plaintiffs' counsel agreed that the battleground was Rule 23(b)(3).
Given this Court's conclusion that Rule 23(b)(3) is not satisfied, this Court need not address the Rule 23(a) factors.

3

on Rule 23(b)(3), which provides that a class action may be maintained if "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." This Court finds the superiority and predominance requirements of Rule 23(b)(3) are not satisfied.

**Superiority**

When a statute allows a prevailing plaintiff to recover attorney's fees and costs, a class action is generally not a superior method for litigating a case. *See Coleman v. General Motors Acceptance Corp.*, 296 F.3d 443, 449 (6th Cir. 2002) ("[T]he primary justification for class treatment . . . is largely absent because [the statute's] provision for the award of attorney's fees and costs to successful plaintiffs eliminates any potential financial bar to pursuing individual claims."). RESPA permits a court to award costs and attorney's fees to a prevailing party, *see* 12 U.S.C. § 2607(d)(5), and provides for treble damages, *see id.* at § 2607(d)(2). Thus, RESPA provides adequate incentive for individual plaintiffs to bring these types of claims, and a class action is not the "best method of trying the suit[.]" *Mayer v. Mylod*, 988 F.2d 635 (6th Cir. 1993).

A number of other courts have similarly concluded that RESPA's fee-shifting and treble damages provisions preclude a finding of superiority under Rule 23(b)(3). *See, e.g.*, *Pettrey v. Enterprise Title Agency, Inc.*, 241 F.R.D. 268, 284 (N.D.Ohio 2006); *Hyderi v. Wash. Mut. Bank*, 235 F.R.D. 390, 404 (N.D.Ill. 2006); *Gardner v. First Am. Title Ins. Co.*, No. 00-2176, 2003 WL 221844, at *8 (D.Minn. 2003); *but see Benway v. Res. Real Estate Servs., LLC*, 239 F.R.D. 419, 427 (D.Md. 2006) (finding superiority in an affiliated-business RESPA case, without discussion of RESPA's fee-shifting or treble damages provisions).

Furthermore, RESPA provides for suits by state and federal government agencies to enjoin violations of the statute. *See* 12 U.S.C. § 2607(d)(4). Government enforcement also undermines Plaintiffs' argument that private class actions are a superior means for adjudicating RESPA cases. *See, e.g.*, *Pettrey*, 241 F.R.D. at 284. Given these alternative opportunities for filing and prosecuting RESPA claims, a class action is not a superior method of handling these cases.

**Predominance**

Plaintiffs' proposed classes also fail to satisfy the predominance prong of Rule 23(b)(3). Although there are common issues related to the business practices of the alleged sham title companies, Plaintiffs' claims nevertheless involve substantial individualized issues. *See, e.g.*, *Pettrey*, 241 F.R.D. at 284 ("[E]ven a straightforward RESPA sham [affiliated business] claim poses some difficulties and significant individualized issues.") For example, a finder of fact would have to determine whether each class member had a federally related mortgage loan covered by RESPA. *See id.* In addition, Defendants point to exemptions in RESPA for payments "by a title company to its duly appointed agent for services actually performed in the issuance of a policy of title insurance" as well as any payments "for services actually performed[.]" 12 U.S.C. § 2607(c)(1)(B) & (c)(2). Determining whether any particular class member paid for "services actually performed" would require individualized inquiries into the nature and value of those services in particular transactions. *See O'Sullivan v. Countrywide Home Loans, Inc.*, 319 F.3d 732, 740 (5th Cir. 2003) ("This inquiry must be performed on a transaction-by-transaction basis, because a single finding of liability based on an unreasonable relationship between goods and services does not necessitate the conclusion that such unreasonableness exists on a classwide basis."). Because these suits would involve substantial litigation of individualized issues, common questions of law or fact do not predominate.

5

**CONCLUSION**

For these reasons, as well as those expressed on the record at the hearing, class certification is not appropriate under Rule 23(b)(3), and Plaintiffs' Motions (Doc. Nos. 47, 117) are denied.

IT IS SO ORDERED.

                                                 s/ *Jack Zouhary*
                                                 JACK ZOUHARY
                                                 U. S. DISTRICT JUDGE

                                                 March 11, 2010